UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANTHONY BUSSIE, #64105050

                               Plaintiff,              **MEMORANDUM & ORDER**
                                                                     14-CV-2665(MKB)
             v.

GOVERNMENT ACCOUNTABILITY OFFICE,
COMPTROLLER GENERAL GENE DODORO,
OFFICE MANAGEMENT BUDGET BETH
COBERT, DISTRICT CONGRESS OF NEW
JERSEY AMANDA CARUSO and DISTRICT
CONGRESS OF NEW JERSEY ROBERT E.
ANDREWS,

                              Defendants.

---

MARGO K. BRODIE, United States District Judge:

      Plaintiff Anthony Bussie, a pretrial detainee at the Philadelphia Federal Detention Center, filed this action, proceeding *pro se*, pursuant to 42 U.S.C. § 1983 against the Government Accountability Office,[1] Comptroller General Gene Dodoro, Beth Cobert of the "Office Management Budget," Amanda Caruso of the "District Congress of New Jersey" and Robert E. Andres of the "District Congress of New Jersey."[2] For the reasons set forth below, Plaintiff's request to proceed *in forma pauperis* is denied and he is ordered to pay the $400 filing fee within

---

[1] It is unclear whether Plaintiff brings this action against the Government Accountability Office as stated in the caption of the Complaint or the "General Counsel" of the Government Accountability Office as later stated in the Complaint. (*Compare* Compl. 1, *with* Compl. 3.)

[2] On February 24, 2014, Plaintiff filed another action against various government employees pursuant to 42 U.S.C. § 1983. *See* Complaint, *Bussie v. Boehner*, No. 14-CV-1292 (E.D.N.Y. 2014). By Memorandum and Order dated May 23, 2014, the Court denied Plaintiff's request to proceed *in forma pauperis* and ordered Plaintiff to pay the $400 filing fee in order to proceed with that action.

fourteen (14) days of this order in order to proceed with this action. Failure to do so will result in dismissal of this Complaint.

## I. Background

Plaintiff is being held in federal custody on allegations that he threatened to harm a member of the United States Congress. *See United States v. Bussie*, No. 12-CR-229 (D.N.J. 2012). Court records reflect that Plaintiff's trial has been continued indefinitely for reasons related to concerns over his psychiatric health. The Complaint in this action is on a form for filing civil rights complaints pursuant to 42 U.S.C. § 1983 and states vague allegations of wrongdoing, including "corrupt practice" and "civil wrong or mismanagement." (Compl. 4.) Plaintiff seeks various relief including that Congressman Robert Andrews be discharged and that Defendants be "report[ed] to House of Oversight, Rayburn Building, Washington D.C." as well as monetary damages. (Compl. 5.)

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held to "less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (same). Nevertheless, the court must

screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "dismiss the complaint or any portion of the complaint," if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d. Cir. 2007). Similarly, the court is required to dismiss *sua sponte* an *in forma pauperis* action, if the court determines that it is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B); *Abbas*, 480 F.3d at 639.

### b. Prison Litigation Reform Act's "Three Strikes Provision"

Prior to the filing of this action, Plaintiff accrued three strikes under the Prison Litigation Reform Act's "Three Strikes Provision." The Prison Litigation Reform Act provides that:

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is Plaintiff's third case filed in the Eastern District of New York and he has filed over sixty actions in federal district courts across the United States and is under a filing injunction in the District of New Jersey, his pre-incarceration domicile. *See U.S. Party/Case Index*, https://pacer/uspci.uscourts.gov (last visited May 9, 2014); *Conjured Up Entertainment v. United States*, No. 11-CV-2824 (D.N.J. July 26, 2011) (unpublished order). In at least three of his many civil actions, including his prior action in this Court, the actions were dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b). *See Bussie v. Dep't of Defense*, No. 13-CV-4574, 2013 WL 5348311, at *2 (E.D.N.Y. Sept. 23, 2013); *Bussie v. Attorney General*,

3

No. 13-CV-476, 2013 WL 3934179, at *3 (W.D. Wis. July 30, 2013) (consolidated action). In addition, multiple district courts have dismissed Plaintiff's recent cases as barred by three strikes. *See Bussie v. Boehner*, No. 14-CV-161, 2014 U.S. Dist. LEXIS 27479, at *4–6 (D. Colo. Mar. 4, 2014); *Bussie v. Boehner*, No. 14-CV-279, 2014 U.S. Dist. LEXIS 26229, at *1 (N.D. Tex Feb. 28, 2014); *Bussie v. Boehner*, No. 14-CV-345, 2014 U.S. Dist. LEXIS 25063, at *1, n.2 (E.D. Mo. Feb. 27, 2014) (collecting prior strikes and dismissals under section 1915(g)); *Bussie v. Boehner*, No. 14-CV-77, 2014 WL 585377, at *2 (S.D. Ill. Feb. 14, 2014).

Because Plaintiff has accumulated at least three "strikes" for purposes of Section 1915(g), he may not proceed *in forma pauperis* in this case unless he is under imminent danger of serious physical injury. Plaintiff has failed to satisfy this requirement. For a "three-strikes" litigant to qualify for the imminent danger exception, the complaint "must reveal a nexus between the imminent danger it alleges and the claims it asserts." *Pettus v. Morsenthau*, 554 F.3d 293, 298 (2d Cir. 2009). Even when liberally construed, the Complaint presents no such claim. Plaintiff's Complaint is largely incomprehensible and contains no facts suggesting that Defendants took any action to harm him. Therefore, Plaintiff is barred from proceeding *in forma pauperis* under section 1915(g).

### III. Conclusion

Plaintiff's request to proceed *in forma pauperis* is denied pursuant to the three-strikes provision of 28 U.S.C. § 1915(g). In order to proceed with this action, Plaintiff must pay the $400 filing fee within fourteen (14) days of this order.[3] If Plaintiff fails to pay the filing fee

---

[3] Plaintiff is advised that even a fee-paid *pro se* complaint may be dismissed *sua sponte* if the Court lacks subject matter jurisdiction or if the complaint is frivolous. Fed. R. Civ. P. 12(h)(3); *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may dismiss a frivolous complaint *sua sponte* notwithstanding the fact that the plaintiff paid the statutory filing fee).

within 14 days, the Complaint shall be dismissed.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

                SO ORDERED.

                  s/MKB        
                MARGO K. BRODIE
                United States District Judge

Dated: May 23, 2014
    Brooklyn, New York